Mary Munaker Pivowar RITZ, Appellant,

v.

Benjamin Abraham RITZ, Appellee.

No. 3354.

District of Columbia Court of Appeals.

Argued Nov. 27, 1963.

Decided Feb. 5, 1964.

---

Jules Fink, Washington, D. C., with whom Harry S. Wender, Washington, D. C., was on the brief, for appellant.

Philip Shinberg, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

HOOD, Chief Judge.

After a brief married life appellant left her husband's abode and brought this action for a limited divorce on the ground of cruelty and sought an award of separate maintenance. At the conclusion of the trial the court denied both divorce and maintenance, holding that the wife had failed to prove her allegations of cruelty and that she was not justified in leaving her husband. The court did order the husband to pay $1,500 to the wife's attorneys for their services in her behalf. This appeal does not question the judgment on the merits of the controversy. The only claim of error is that the award of $1,500 counsel fees was "grossly inadequate."

The inadequacy of the award, it is argued, is shown by the detailed statement in affidavit form of counsel that the services for the wife consumed a total of 231 hours 15 minutes, including eight days of trial, and that this time at the rate of $35 an hour (a reduced rate from counsel's regular charge of $50 an hour) represents basic minimum compensation of $8,093.75, against which is credited a $1,000 retainer fee received from the wife, leaving a balance of $7,093.75. Therefore, it is argued that the award of only $1,500 was an abuse of discretion.

Conceding, as she must, that the the award of counsel fees under Code Section 16–410 is discretionary,[1] appellant argues that once the discretion is exercised it must be exercised in a reasonable manner.

As the award of counsel fees is discretionary with the trial court, it would

1. Neudecker v. Philpot, 85 U.S.App.D.C. 28, 174 F.2d 668; Clark v. Clark, D.C.Mun.App., 144 A.2d 919.

require an extremely strong showing to convince this court that an award is so arbitrary as to constitute an abuse of discretion. Certainly the trial court is not bound by any mathematical computation of time consumed multiplied by some hourly rate. Consideration should be given to many factors, including the quality and nature of the services performed, the necessity for such services, the results obtained from the services, and the husband's ability to pay.

■ It has been held that under the circumstances of the particular case the trial court may in its discretion deny any counsel fees to a wife who fails to sustain her allegations.[2] Here the wife failed to sustain her allegations and the trial court awarded the substantial sum of $1,500 as counsel fees. We find no error.

Affirmed.

---

2. Shellman v. Shellman, 68 App.D.C. 197, 95 F.2d 108.