**Marvin W. EISENBERG, Appellant,**

v.

**Susan S. EISENBERG, Appellee.**

**Nos. 9373, 9391, 9756, 9757, 9875, and 9970.**

District of Columbia Court of Appeals.

Argued March 18, 1976.

Decided May 19, 1976.

---

·Glenn R. Graves, Washington, D. C., for appellant Marvin W. Eisenberg. John W. Karr, Washington, D. C., also entered an appearance.

Daniel E. Schultz and Melinda Gray Murray, Washington, D. C., for appellee Susan S. Eisenberg.

Before FICKLING, KERN and YEAGLEY, Associate Judges.

PER CURIAM:

These cases involve several consolidated appeals arising out of a dispute between a husband and wife over (1) the custody of their children and (2) the husband's obligation to pay the children's tuition at a private school under the terms of a property settlement agreement entered into by the parties prior to their divorce.

In 1968 Mr. and Mrs. Marvin Eisenberg entered into a property settlement agreement in which they agreed that Mrs. Eisenberg would take custody of the parties' three minor children.[1] The agreement also provided that Mr. Eisenberg

> . . . shall pay the tuition and related expenses, including transportation, of his children to attend Potomac Montessori School, and tuition and related expenses of any and all other private schools, provided he approves of the school and its program in advance.

In 1971 Mr. Eisenberg obtained a decree of absolute divorce in an uncontested action in the Superior Court on the ground of voluntary separation. The property settlement agreement was not incorporated in the divorce decree.

Shortly after the divorce, Mrs. Eisenberg agreed to allow two of the children, Andrew and Edward, to live with their father. In June 1973, Mrs. Eisenberg learned that her former husband intended to send Andrew and Edward to boarding school in New York. She promptly filed a motion requesting that she be awarded custody of the children. Mrs. Eisenberg's request that the court appoint an independent child psychiatrist as well as a disinterested attorney to represent the children, was granted.[2] Trial began on January 1, 1974, and lasted six days, after which the trial judge took the matter under advisement.[3]

On June 5, 1974, the court awarded custody of the children to their mother. Mrs. Eisenberg then filed a motion for an award of court costs and attorney's fees, followed by an itemized list of services rendered by her attorney during the custody litigation. These services included the preparation of pleadings, preparation for and attendance at numerous depositions, preparation for trial, and appearances in court on six separate occasions consuming a total of 214 hours at a cost of $10,700 in attorney's fees. Court costs, which included the cost of depositions, transcripts, and witness fees, totaled $2,944.86. The trial court ordered Mr. Eisenberg to pay a portion of the attorney's fees and court costs incurred by Mrs. Eisenberg in reestablishing her custody rights under the separation agreement.[4] The court directed Mr. Eisenberg to pay $200 for the court-appointed guardian ad litem, $800 for the court-appointed child psychiatrist, $900 for deposition costs, and $2,800 for attorney's fees. On May 30, 1975, Mr. Eisenberg filed a notice of appeal from the order of May 1 directing him to pay court costs and attorney's fees.[5] Dissatisfied with the size of the award, Mrs. Eisenberg cross-appealed.[6]

On August 19, 1974, Mrs. Eisenberg wrote to Mr. Eisenberg about returning the two boys to Georgetown Day School and continuing Elisa's education there for the 1974–75 academic year. Other than the academic year 1973–74, which the two boys spent at boarding school in New York, all three children had attended Georgetown Day School since 1970. Mrs. Eisenberg informed Mr. Eisenberg that:

> [T]he school has now given the boys a definite commitment for the coming semester. Elisa, of course, has been re-

---

1. Mr. and Mrs. Eisenberg have two sons, Andrew and Edward, and a daughter, Elisa.

2. D.C.Code 1973, § 16–918 authorizes the court in any proceeding wherein the custody of a child is in question to appoint a disinterested attorney to appear on behalf of the child and represent his best interests.

3. The two boys were sent to boarding school in New York during the 1973–74 academic year.

4. The trial court held that because Mr. Eisenberg had chosen not to file a financial statement, there was nothing in the record to indicate that requiring him to pay part of the attorney's fees and court costs would place an unreasonable financial burden on him.

5. No. 9757.

6. No. 9756.

enrolled since last semester. The tuition for the first semester is now due, and I'm enclosing the information pertaining to the payment scheduling—I assume you prefer to send the tuition directly to the school as you have been doing, but would appreciate confirmation when it is paid . . . .

As of the first day of school, September 9, 1974, Mr. Eisenberg had failed to pay the children's tuition for the first semester at Georgetown Day School. Mrs. Eisenberg paid the tuition herself and filed a motion in the Family Division of the Superior Court requesting reimbursement from Mr. Eisenberg as well as a court order directing that he pay the children's second semester tuition.[7] In response, Mr. Eisenberg claimed that he was under no obligation to pay the tuition unless he expressly approved of the school and its program in advance.

A hearing was held on December 21, 1974, at the conclusion of which the court ordered Mr. Eisenberg to reimburse his former wife for Elisa's first semester tuition and further ordered him to pay Elisa's second semester tuition. The court found that Mr. Eisenberg's prior payment of Elisa's tuition and her uninterrupted attendance at the school constituted approval of Georgetown Day School for Elisa and rendered him liable for her tuition under the property settlement agreement.

However, the court found that due to the one-year hiatus in the boys' attendance at Georgetown Day School, Mr. Eisenberg had not approved the school for the boys as required under the terms of the property settlement agreement. Consequently Mrs. Eisenberg's motion for re-imbursement of the boys' first semester tuition was denied. The court reserved its ruling on payment of the boys' second semester tuition pending further proceedings. On February 6, 1975, Mrs. Eisenberg filed a notice of appeal from that part of the order denying reimbursement for the boys' first semester tuition.[8]

In accordance with the court's ruling that the selection of the children's school must meet with their father's prior approval, Mrs. Eisenberg wrote to Mr. Eisenberg on December 31, 1974, requesting his approval of Georgetown Day School. Counsel for Mr. Eisenberg responded by letter withholding approval of the school. Mrs. Eisenberg then filed a motion for payment of the second semester tuition, coupled with a request for attorney's fees. Following a hearing on the motion, the court concluded on February 5, 1975, that the separation agreement specifically entitled the children to a private school education and that Mr. Eisenberg could not frustrate this right by withholding approval of Georgetown Day School without providing an alternative private school. Failing either approval or an alternative, Mrs. Eisenberg was justified in enrolling the children in a private school of her choice, and the court ordered Mr. Eisenberg to pay the second semester tuition. Mr. Eisenberg appealed from this order on February 22, 1975.[9]

Shortly thereafter, Mrs. Eisenberg filed a motion to hold Mr. Eisenberg in contempt for failure to pay the children's tuition as ordered by the court on February 5. The trial court issued an order on May 9, 1975, directing Mr. Eisenberg to show cause why he should not be held in

7. The Family Division of the District of Columbia Superior Court has exclusive jurisdiction of "actions to enforce support of any person. . . ." D.C.Code 1973, § 11–1101. The Division has continuing jurisdiction over such actions and may enter appropriate orders upon application. D.C.Code 1973, §§ 16–914, 16–916(a). Enforcement of an unincorporated separation or property settlement agreement that provides for the support of children is considered an action for child support, and consequently it comes within the jurisdiction of the Family Division. *See Amidon v. Amidon*, D.C.App., 280 A.2d 82, 84 (1971); *David v. Blumenthal*, 110 U.S.App.D.C. 272, 274, 292 F.2d 765, 767 (1961).

8. No. 9391.

9. No. 9373.

contempt for failing to obey the court's order, but Mr. Eisenberg failed to appear at the hearing on June 5, 1975. The court issued a bench warrant for his arrest, but stayed execution of the warrant until the following day. The court ordered that upon Mr. Eisenberg's arrest a second order would be issued directing him to show cause why he should not be held in criminal contempt. The court also awarded Mrs. Eisenberg attorney's fees in the amount of $2,000. On July 8, 1975, Mr. Eisenberg filed a notice of appeal from the order of June 5 awarding attorney's fees to Mrs. Eisenberg.[10] Mr. Eisenberg's motion for reconsideration of the show cause order was denied on July 16, 1975, and he filed a notice of appeal from the denial of his motion for reconsideration on August 6, 1975.[11]

## I.

### Cases Nos. 9391, 9373

The issue raised by Mrs. Eisenberg in the appeal in No. 9391 and by Mr. Eisenberg in the appeal in No. 9373 is the same: the extent of Mr. Eisenberg's liability for the tuition expenses of the parties' sons under the terms of the property settlement agreement. We conclude that Mrs. Eisenberg complied with the terms of the agreement, and consequently we reverse the trial court's denial of her motion for reimbursement of the boys' first semester tuition. However we affirm the trial court's order directing Mr. Eisenberg to pay the second semester tuition, for the reasons advanced by the trial court.

Although technically the motion herein is an action for child support based on the court's continuing jurisdiction, *see* note 7, *supra,* nevertheless we are guided by the provisions in the property settlement agreement and by ordinary contract principles. *See Lanahan v. Nevius,* D.C.App., 317 A.2d 521, 525 (1974). Applying con-

tract law principles, the court below concluded in No. 9391 that the parties' agreement required that Mrs. Eisenberg make a formal request for approval before Mr. Eisenberg was liable for the tuition expenses. Since a formal request was not made until December 31, 1974, the court ruled that Mr. Eisenberg need not reimburse Mrs. Eisenberg for the first semester tuition.

We do not agree that Mrs. Eisenberg failed to request Mr. Eisenberg's approval of Georgetown Day School before December 31, 1974. The letter Mrs. Eisenberg sent to Mr. Eisenberg in August of 1974 served a dual purpose: it requested payment of the tuition and thus it also implicitly requested his approval of the school. She specifically communicated the information concerning payment of tuition to him and requested his "confirmation," thus taking the first step toward securing his approval. Hence we conclude that the trial court's assumption that this letter did not constitute a request for approval is clearly erroneous. *See* D.C.Code 1973, § 17–305.

The fact that Mr. Eisenberg never responded to Mrs. Eisenberg's request and did not expressly approve Georgetown Day School does not relieve him of his obligation under the agreement to pay the first semester tuition. In construing an approval provision such as this one, a court will impose on the person whose approval is necessary a duty to act reasonably and in good faith. *See Cleveland v. Cleveland,* 161 Conn. 452, 289 A.2d 909 (1971); J. Calamari & J. Perillo, Contracts § 71 (1970); *cf. California Lettuce Growers, Inc. v. Union Sugar Co.,* 45 Cal. 2d 474, 289 P.2d 785 (1955). Without such an obligation the contract would be illusory, since the approving party could unilaterally determine the extent of his duties and liability under the agreement by arbitrarily refusing to give his approval.

10. No. 9875.

11. No. 9970.

*See* J. Calamari & J. Perillo, *supra* § 71; 1 S. Williston, Contracts § 105 (3d ed. 1957).

■ Mr. Eisenberg's liability for tuition expenses for the first and second semester stems from the same contractual premise, and thus the two appeals may be analyzed together. Having considered the record and proceedings herein, we conclude that Mr. Eisenberg's silence with regard to the first semester tuition and his express disapproval of Georgetown Day School for the second semester of the 1974–75 academic year, were not the products of a reasonable and good faith consideration of the school and its program. Our conclusion rests upon the fact that Mr. Eisenberg neither gave reasons for his failure to approve nor suggested an alternative that would have been acceptable to him. In this connection, we also find it significant that Mr. Eisenberg's disapproval of Georgetown Day School for the second semester apparently rested on his personal "financial distress" rather than on any objection to the school or its program, as provided in the parties' agreement.

Since Mr. Eisenberg did not act in good faith by remaining silent in the face of an implied request for approval or in expressly disapproving Georgetown Day School, he cannot now raise Mrs. Eisenberg's failure to obtain his approval as a bar to his liability for the tuition expenses. *See* 5 S. Williston, Contracts § 677 (3d ed. 1961); *cf. Horlick v. Wright*, D.C.Mun.App., 104 A.2d 825, 827 (1954). Mrs. Eisenberg's choice of Georgetown Day School was entirely reasonable, particularly in light of the facts that Mr. Eisenberg had previously approved the school for all three children and evidently had paid their tuition there. Accordingly, Mr. Eisenberg is liable for tuition expenses for the parties' sons for both the first and second semesters of the 1974–75 academic year. The trial court's order in No. 9391 is reversed and remanded for

entry of an order directing Mr. Eisenberg to reimburse Mrs. Eisenberg for the first semester tuition. The order in No. 9373 directing Mr. Eisenberg to pay the second semester tuition is affirmed.

## II.

### Cases Nos. 9756, 9757, 9875

■ Mr. Eisenberg contends on appeal in No. 9757 and in No. 9875 that the trial court lacked authority to award his former wife court costs and attorney's fees arising out of either her action to obtain custody of the children or her action to enforce his support obligations under the terms of the property settlement agreement. Mrs. Eisenberg has cross-appealed in No. 9756 from the award of court costs and attorney's fees in her action for custody of the children on the ground that the amount of the award was unreasonably low and inadequate to cover her fees and costs. We conclude that although the trial court had discretionary authority to award court costs and attorney's fees in these actions, the award in Mrs. Eisenberg's action for custody of the children was too low given the facts of this case.

■■ In an action respecting the custody of minor children, the trial court is authorized to order the father to reimburse his former wife for court costs and attorney's fees reasonably expended by her where, as here, the court finds that counsel was necessary to protect the interests of the children. *Paine v. Paine*, D.C. App., 267 A.2d 356 (1970). In the instant case, legal custody of the children had been given to their mother by the separation agreement. Although she subsequently agreed to allow Andrew and Edward to live with their father, she sought to regain custody of the two boys when she discovered that her former husband intended to send them away to boarding school. She was entitled to seek custody of the children, and she necessarily required the assistance of counsel. Since

the trial court ultimately found that the interests of the two boys were best served by giving their mother legal custody, the court was authorized to order that she be reimbursed for the court costs and attorney's fees which she incurred in order to regain custody.

◼ The trial court also has the authority under D.C.Code 1973, § 16–916 to award court costs and attorney's fees in an action to compel payment of child support under the terms of a property settlement agreement. *McGehee v. Maxfield*, D.C.App., 256 A.2d 576 (1969). *See also Marlowe v. Marlowe*, D.C.App., 310 A.2d 59 (1973). The trial court in the instant case properly exercised its discretionary authority when it determined that Mrs. Eisenberg was entitled to court costs and attorney's fees arising out of her action to enforce the property settlement agreement.

The amount of court costs and attorney's fees awarded is within the broad discretion of the trial court.

Certainly the trial court is not bound by any mathematical computation of time consumed multiplied by some hourly rate. Consideration should be given to many factors, including the quality and nature of the services performed, the necessity for such services, the results obtained from the services and the husband's ability to pay. [*Ritz v. Ritz*, D.C.App., 197 A.2d 155, 157 (1964).]

On this record, it does not appear that the trial judge considered all of these factors necessary to determine reasonable costs and fees. Accordingly, the order of the trial court in No. 9756 and in No. 9757 awarding court costs and attorney's fees to Mrs. Eisenberg in her action for custody of the children is vacated and the case is remanded for reconsideration by the trial court. The award in No. 9875 is affirmed.

### III.

### Case No. 9970

◼ Mr. Eisenberg has also appealed from the trial court's refusal to reconsider its order of May 9 directing him to show cause why he should not be held in contempt. However, an order requiring a party to appear and show cause why he should not be held in contempt for his noncompliance with a prior court order is not a final order and is therefore not appealable. D.C.Code 1973, § 11–721(a)(1). As this court is without jurisdiction to entertain the appeal, Mr. Eisenberg's appeal in No. 9970 is hereby dismissed.

*So ordered.*