**Delores KELLY, Appellant,**

v.

**Franklin Lewis CLYBURN, Appellee.**

No. 83–1543.

District of Columbia Court of Appeals.

Submitted Feb. 4, 1985.

Decided March 29, 1985.

David J. Ontell, Washington, D.C., for appellant.

David J. Rothwell, Washington, D.C., for appellee.

Before NEBEKER, MACK and ROGERS, Associate Judges.

NEBEKER, Associate Judge:

Despite the style of this appeal, it involves a dispute as to liability for a court ordered fee payment between the attorney appointed to represent a defendant father in a custody and support case and the mother, who was awarded custody. Appellant contests the trial court's order entered pursuant to D.C.Code § 16–918(c) (1981) and Super.Ct.Dom.Rel.R. 17(d)(1), requiring her to pay Clyburn's counsel, Ann M. Dobmeyer. Appellant argues that the trial court abused its discretion in ordering her to pay the fee and that the attorney's motion for compensation for services was untimely. We hold that the motion was timely filed. Because we cannot say that the trial court exercised an informed discretion, the order setting the attorney's fee cannot stand. We reverse and we remand for further proceedings.

The relevant facts can be stated briefly. Appellant Kelly and appellee Clyburn are the natural parents of a minor. Although no custody order existed prior to August 14, 1981, the child was in the physical custody of appellant until December 12, 1980. On that date, Clyburn abducted the child from his kindergarten class. He placed the child in the home of a friend.[1] The child's whereabouts were unknown to appellant, who filed suit on January 14, 1981, seeking custody and support.

Six months later, Clyburn was located at the D.C. Jail, where he was awaiting sentencing on criminal charges; he was served with the summons and complaint. Appellant petitioned for a writ of habeas corpus, to compel Clyburn to reveal the child's whereabouts. The trial court thereupon

---

1. Clyburn alleged that he took his son because he believed the child had been physically abused in his mother's home. A home assessment by the Family Branch of the Social Services Division, ordered by the trial court, revealed no evidence of such abuse.

denied the motion, ordered the child returned to appellant *pendente lite,* and appointed counsel to represent Clyburn in the custody and support case.

Before trial, the parties entered into a settlement. Appellant was to have permanent custody of the child, with Clyburn to have reasonable visitation rights. Clyburn stated that he had no job; according to his financial statement, he could contribute nothing toward the child's support. The question of child support was therefore left open. The settlement was approved by the trial court on July 14, 1983. On September 12, 1983, Clyburn's attorney moved for compensation of $1243.60 for services pursuant to D.C.Code § 16–918(c) (1981) and Super.Ct.Dom.Rel.R. 17(d)(1). Appellant opposed the motion. Without hearing oral argument or taking other evidence, the trial judge ordered appellant to pay the attorney's fee.

I

We hold that the motion for award of attorney's fees was timely. Neither D.C. Code § 16–918 (1981), nor Super.Ct.Dom. Rel.R. 17 specifies the time by which the request for compensation must be made. Appellant, however, argues that the award under this statute constitutes an amendment to the judgment, governed by Super. Ct.Dom.Rel.R. 59(e).[2] Under that rule "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." *Id.* Here, the motion was filed approximately two months after the judgment was docketed and would be untimely under Super.Ct. Dom.Rel.R. 59(e).

▆▆▆ We disagree with appellant's premise. We hold that an award of attorney's fees under D.C.Code § 16–918 (1981) is a collateral issue to the main cause of action, governed by the rationale articulated in *White v. New Hampshire Department of*

*Employment Security,* 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982). "Their award is uniquely separable from the cause of action to be proved at trial." *Id.* at 452, 102 S.Ct. at 1166 (citing *Hutto v. Finney,* 437 U.S. 678, 695 n. 24, 98 S.Ct. 2565, 2576 n. 24, 57 L.Ed.2d 522 (1978)). We construe D.C.Code § 16–918(c) (1981) to require that, in determining timeliness of an appointed attorney's motion for compensation, the trial court exercise its discretion to deny fees "in cases in which a post-judgment motion unfairly surprises or prejudices the affected party." *White v. New Hampshire Department of Employment Security, supra,* 455 U.S. at 454, 102 S.Ct. at 1168. Here appellant has presented no specific evidence of unfair surprise or prejudice resulting from the timing of the motion for compensation for services. We therefore perceive no error in the trial judge's entertaining the motion.

II

We cannot say, however, that the trial court exercised an informed discretion in ordering appellant to pay the fee. It is true that D.C.Code § 16–918 (1981) allows compensation to be paid to a court-appointed attorney without regard to which party prevailed. The statute provides in § 16–918(a) that the court may appoint an attorney to represent the defendant in a domestic relations case "where the court deems it necessary or proper," and in § 16–918(c) that "[a]n attorney appointed under this section may receive such compensation for his services as the court determines to be proper, which the court may order to be paid by either or both of the parties." *See Darling v. Darling,* 444 A.2d 20, 23 (D.C. 1982) (where statute provides that a court may award attorney's fees, such award is committed to the court's discretion).

▆▆▆ Under this statute, once a fee award is deemed appropriate,[3] the trial

---

**2.** Super.Ct.Dom.Rel.R. 59 is identical to Super. Ct.Civ.R. 59.

**3.** Here, no one disputes the appointment of an attorney to represent Clyburn in the custody and support suit, nor does any party contend that the fee is unreasonable.

court has discretion, not only to set the amount of the fee, but to decide which party must pay. As to this latter question, the statute permits ordering a partial payment from both parties. Whatever course is chosen, the judgment on both questions—who is to pay and how much—must be an informed one. *Johnson v. United States*, 398 A.2d 354, 364–65 (D.C.1979) (trial court is often required to undertake a special factual inquiry prior to rendering discretionary decision so as to base determination on a firm factual foundation). D.C.Code § 16–918 (1981) itself does not set forth factors to be considered by the court in awarding fees. We agree with counsel seeking payment that an appropriate source of guidelines are those cases under our statutes which award attorney's fees in divorce, alimony, and support cases, *see* D.C.Code §§ 16–911(a)(1), –914(a), –916 (1981), and under the common law necessaries doctrine applicable to child custody and support cases as described in *Moore v. Moore*, 391 A.2d 762, 779 (D.C.1978). This court has held that, in such actions, the trial court should consider the following, along with such other factors as may be warranted by specific circumstances: (1) the necessity for the services of an attorney; (2) the quality and nature of the work performed; and (3) the financial ability of the party ordered to pay. *Darling v. Darling, supra,* 444 A.2d at 23; *Moore v. Moore, supra,* 391 A.2d at 771; *Ritz v. Ritz,* 197 A.2d 155, 157 (D.C.1964).

To those three factors, under certain circumstances, it is appropriate to add a fourth: the fault of the nonaggrieved party. *Smith v. Smith,* 445 A.2d 666, 668–69 (D.C.1982) (husband liable for wife's attorney's fees where difficulties he caused forced wife's counsel to expend time and resources), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 749, 74 L.Ed.2d 968 (1983); *but see Sutton v. Sutton,* 164 A.2d 477, 478 (D.C. 1960) (court may require attorney's fees for defendant to be paid by plaintiff even though she was the aggrieved party and prevailed in the action). Under some conceivable circumstances, the aggrieved par-

ty should be the one to pay. However, on the question of whether the appellant here should be ordered to pay at all, we do not agree that Clyburn's character and the nature of his action in precipitating the litigation are irrelevant. This position was asserted in the trial court, but is seemingly eschewed on appeal, for now counsel argues that it was right to order appellant to pay because Clyburn had no ability to pay. (Brief for Miss Dobmeyer at 5–6.)

In *Rachal v. Rachal,* 489 A.2d 476, 478 (D.C.1985), this court held that in setting attorney's fees a trial court cannot consider the motivation and behavior of one of the parties. In that divorce case, the wife was awarded $20,000 for attorney's fees, an award far greater than that given in any reported divorce case in this jurisdiction. Our concern in *Rachal, supra,* was that adding motivation to the list of permissible factors for the trial court to weigh in setting attorney's fees would create a very real risk of including punitive considerations in setting the amount. Here, the fee awarded is unquestionably based on the value of the attorney's services. Moreover, we are not concerned with Clyburn's motivation, but with the effect of his action in taking and concealing the child. That action precipitated appellant's litigation to establish custody and subjected her income to a strain which may well have affected her ability to pay. The ability of the party assessed attorney's fees to pay those fees is a factor for the trial court to consider. *See, e.g., Ritz v. Ritz, supra,* 197 A.2d at 157.

█ In this record, there is a paucity of information about appellant's ability to pay the attorney's fee, a factor affecting both decisions—who is to pay and how much. *See, e.g., Darling v. Darling, supra,* 444 A.2d at 23 (ability of party to pay is important factor for trial judge to consider).

[T]he trial court is often required to undertake a special factual inquiry and seek the answers to particular questions or raise questions about particular concerns prior to rendering a discretionary decision in certain areas. This additional

step is a prerequisite to the court's exercise of discretion when the record of the ... proceeding otherwise will not reflect the factual foundations of the issues raised.

*Johnson v. United States, supra,* 398 A.2d at 365. Here there is nothing but an outdated financial statement of income with no information as to expenses.[4] While such information might well have been submitted by appellant without solicitation of the trial court, the fact remains that this highly delicate issue was resolved literally in the financial dark. This omission is evidence of a lack of informed judgment for which we may reverse without reaching the totally different question of abuse of discretion. *See Johnson v. United States, supra,* 398 A.2d at 363–67 (adequacy of information for exercise of trial court's discretion is but one prong of a five-fold inquiry by the appellate court to determine whether a permissible decision has been made).

We reverse with instructions to vacate the order, and remand the case for further proceedings in accord with this opinion.

*Reversed and remanded.*

---

4. The only evidence in the record of appellant's income is a statement in the home investigation report filed on October 2, 1981. At that time, appellant's income was approximately $15,400 per year. She was living with her parents at the time, but stated to the investigator that she planned to set up her own household. It is undisputed that she has been and continues to be the parent solely responsible for the support of the child. Evidence in the record shows that Clyburn is trained as a barber, and is potentially able to earn an income at least with that skill.