**Marjorie T. STEADMAN, Appellant,**

v.

**Charles W. STEADMAN, Appellee.**

**No. 85–417.**

District of Columbia Court of Appeals.

Argued Feb. 20, 1986.
Decided Sept. 22, 1986.

---

Edgar T. Bellinger, Washington, D.C., with whom Elena W. King, Washington, D.C., was on briefs, for appellant.

Hal Witt, Washington, D.C., with whom Pamela J. Murphy, Washington, D.C., was on brief, for appellee.

Before MACK, BELSON and ROGERS, Associate Judges.

PER CURIAM:

Appellant Marjorie Steadman seeks review of final orders entered in the Superior Court relating to this divorce action and related proceedings. The judge ordered that appellee Charles Steadman be allowed to recover a portion of pendente lite alimony payments made to the appellant, that he be awarded attorneys' fees, and that appellant Marjorie Steadman be denied attorneys' fees. We affirm in part and remand the matter for further proceedings not inconsistent with this opinion.

Charles and Marjorie Steadman were married on October 10, 1977 and lived together as husband and wife for approximately four years. They maintained apartments in Washington, D.C. and Palm

Beach, Florida. At the end of 1981, they began to live separate and apart, although they apparently remained under the same roof for another two and a half years.

On October 19, 1982, Mr. Steadman filed a petition for dissolution of marriage in Palm Beach, Florida. This action spawned a flood of pleadings both in Florida and in the District of Columbia. The recitation here gives but a hint of its volume and ferocity. On January 12, 1983, Mrs. Steadman filed in the District of Columbia Superior Court a complaint for absolute divorce that included a request for pendente lite alimony.[1] Mr. Steadman responded by filing a motion to dismiss. On March 1, 1983, the Superior Court granted Mrs. Steadman $5000 per month temporary alimony. Mr. Steadman appealed both the temporary alimony award, and the denial of his motion to dismiss, to this court.

The Florida trial court granted Mr. Steadman a divorce on November 29, 1983, awarding Mrs. Steadman $250,000 in lump sum alimony, plus $2500 per month in periodic alimony for seven years. Payments were scheduled to commence December 1, 1983. Both parties appealed. Mr. Steadman also filed in the District of Columbia Superior Court on December 29, 1983, a motion to vacate the pendente lite alimony award. At the time he filed this motion, Mr. Steadman's earlier appeal was still pending in the District of Columbia Court of Appeals. When Mr. Steadman lost that appeal, the case was returned to Superior Court. The motion to vacate the temporary alimony award was then denied after hearings held in Superior Court in May, 1984. However, the Superior Court Associate Judge who had been specially assigned to the case, ruled that the $2500 payments that Mr. Steadman was making under the Florida decree would satisfy one-half of the $5000 pendente lite award.

Mr. Steadman filed a motion in the Superior Court to reduce the pendente lite alimony in July, 1984. The motion was heard in October, but no ruling was made until February 28, 1985, when the Florida appeals had been exhausted. The judge then entered the orders from which Mrs. Steadman appeals. The judge ruled that Mr. Steadman should receive credit for $37,500 previously paid in pendente lite alimony. Any portion of the $37,500 for which he did not receive credit against amounts awarded by the Florida court was ordered to be a judgment against Mrs. Steadman. The judge granted a motion for attorneys' fees by Mr. Steadman, and denied a motion for attorneys' fees by Mrs. Steadman.

### Pendente Lite Alimony

■ As a general rule, a trial judge cannot modify court-ordered installments of alimony or support after they have become due. *Kephart v. Kephart*, 89 U.S. App.D.C. 373, 380, 193 F.2d 677, 684 (1951), *cert. denied*, 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702 (1952). However, it is well-established that the court "may, in its discretion reduce or cancel at a later date, periodic installments of payments for maintenance *as of the date when application for such relief is made.*" *Rhodes v. Gilpin*, 264 A.2d 497, 500 (D.C.1970) (quoting *Fioravanti v. Fioravanti*, 98 U.S.App.D.C. 23, 23, 231 F.2d 776, 776 (1956) (emphasis supplied in *Rhodes*). If the court has the power to cancel such obligations retroactively, it must also have the power to order recoupment of monies already paid. To hold otherwise would be to reward those who fail to comply with the court-ordered schedules of payments and at the same time penalize those who fulfill their legal obligations. *Cf. Adams v. Adams*, 196 A.2d 915, 917 (D.C.1964) (recoupment ordered of unexpended payments made into court registry).

Here, Mr. Steadman filed a motion to terminate the District of Columbia pendente lite support order on December 29, 1983.

1. Mr. and Mrs. Steadman were active participants in the litigation in both states.

The motion was heard and denied on May 10, 1984. The matter was raised again on July 10, 1984 by a motion to reduce the pendente lite support and addressed by the court in an October 16, 1984 hearing. The judge issued no order, but explained:

[L]et the order run at five thousand until I resolve it. If indeed the Florida court says that you're right, then their case is down there and the award down there will be controlling. If the Florida court suggests that [counsel for Mrs. Steadman] is correct and they had no jurisdiction then the case is up here, but in any event he gets credit both ways down the line as far as finances are concerned.

■ The final order of the Superior Court judge was an entry of judgment for $37,500 against Mrs. Steadman. That amount was the difference between the periodic alimony ordered by the Florida court and the pendente lite support awarded in the District of Columbia from the date of the Florida order. However, Mr. Steadman's initial request for relief had been denied on May 10, 1984. Therefore, the only motion pending at the time the final order was issued was the motion filed on July 30, 1984. The power of the judge to modify the award is retroactive only to the date of the motion for relief. *Rhodes, supra,* 264 A.2d at 500. The judgment against Mrs. Steadman should be limited, therefore, to the amount of the pendente lite support paid her after July 30, 1984, pursuant to the Superior Court order, less the amount of periodic alimony paid under the Florida decree during the same period.

2. Mrs. Steadman detailed attorneys' fees and expenses resulting in the following totals: $58,-397.50 in fees for the District of Columbia action, $71,672.50 for Florida fees, $15,777.50 for fees for services common to both. Expenses amounted to $14,110.31, of which $1,879.97 was directly attributable to the District of Columbia action. Mrs. Steadman asked the court to award her $60,269.47.

3. The additional amounts requested resulted from services and expenses in the District of Columbia action between the two dates plus

On remand, the trial court shall modify the judgment accordingly.

*Attorneys' Fees*

On February 2, 1984, Mrs. Steadman filed a motion for attorneys' fees. In support of that motion, she submitted an extensive memorandum reciting the history of the proceedings in the case through December 31, 1983. The itemization of time spent and expenses incurred occupies thirty-five pages of the record before us.[2] Mrs. Steadman supplemented this request on November 20, 1984, with a motion asking that the trial award be $171,345.28 for fees and costs through October 31, 1984.[3]

Mr. Steadman filed his motion for attorneys' fees on February 28, 1985. The motion consisted of a brief history of the instant litigation, and concluded with a request that Mrs. Steadman "contribute to defendant's attorneys' fees in an amount which the court deems fair and reasonable." Mr. Steadman asked not to be put to the time and expense of preparing a statement of services.

The court ruled on the motions in a hearing held on the same day that Mr. Steadman's motion was filed. During the hearing, the judge observed that:

[I]t appeared as though both sides played both courts. Not Mr. Steadman at first; he filed in Florida. But Mrs. Steadman used our court because she did file three months later and then she got a favorable award, at least I think she considered it a favorable award, in Florida and was reluctant to go forward here. I think Mr. Steadman was forced

one-half the amount previously itemized for services rendered in both jurisdictions. Although listed in the first memorandum, the latter had not been included in the total amount requested. The calculation attached to this motion also included a downward adjustment of $763.75 for fees in connection with other services rendered to Mrs. Steadman that had incorrectly been included in the initial total.

On September 14 and 17, 1984, the Florida court had awarded Mrs. Steadman $127,765.09 in fees and expenses for the Florida action.

to go forward here because he was hit with five thousand dollars a month.

\*    \*    \*    \*    \*    \*

Insofar as the fees are therefore concerned, I am suggesting that Mrs. Marjorie Steadman pay her own counsel fee because she incited the case up here, she got a successful award down there and I think she was in effect kind of using both of us. I don't suggest it is intentional: I think it is just good trial tactic. It's good legal tactic. But I must view it from the viewpoint of who pays legal fees at this point, and I suggest that she pay her own.

Moreover, I further suggest, and it is this court's finding that she pay a nominal fee, a contribution to Mr. Steadman in the amount of twenty-five thousand dollars. There's an ability to pay. The award is an effective one out of Florida. She can pay it and I'm satisfied that Mr. Steadman is a rich man on paper but he is like our federal government. He's more in debt than he has money and it is just a question of time before it all folds.

But more importantly than that, she put him through a labor. Twenty-five thousand is not a lot but I do think that it is a reasonable contribution with an ability to pay and I am ordering that that amount be made by way of contributions towards his counsel fees. It's nowhere near what he's going to have to pay but under the circumstances I feel that this is a just award, under the circumstances, and I so order it.

■ In considering whether the court erred in its rulings on the motions for attorneys' fees, our scope of review is a limited one because disposition of such motions is firmly committed to the informed discretion of the trial court. *Smith v. Smith,* 445 A.2d 666, 669 (D.C.1982), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 1240, 75 L.Ed.2d 472 (1983); *Darling v. Darling,* 444 A.2d 20, 23 (D.C.1982); *Lyons v. Lyons,* 295 A.2d 903, 906 (D.C.1972).[4] Therefore, it requires a very strong showing of abuse of discretion to set aside the decision of the trial court. *Ritz v. Ritz,* 197 A.2d 155, 156–57 (D.C.1964). In deciding whether to award a fee, it is proper for the court to consider whether the litigation has been oppressive or burdensome to the party seeking the award. *Rachal, supra,* 489 A.2d at 478. The judge may also examine the motivation and behavior of the litigating parties. *Id. See also Kelly v. Clyburn,* 490 A.2d 188, 191 (D.C.1985) (discussing attorney compensation awarded to court-appointed counsel in domestic relations cases, but relying on cases involving retained counsel). However, these factors are properly used only in coming to a determination of whether any award shall be made; once the threshold is crossed, these preliminary factors may play no role in deciding the amount of the fee to be awarded. *Kelly, supra,* 490 A.2d at 478; *Rachal, supra* note 4, 489 A.2d at 478; *Wood v. Wood,* 360 A.2d 488, 492 (D.C.1976). In setting the amount, among the factors the court should consider are the quality and nature of the services performed, the necessity for the services, the results obtained from the services, and the financial ability of the spouse being ordered to pay. *Ritz v. Ritz, supra,* 197 A.2d at 157.

■ There is, therefore, a two-step inquiry in cases in which a fee is awarded:

4. Parties to litigation usually pay their own costs and attorneys' fees. The general rule is subject to only a few exceptions. For example, a court may grant a request for fees when authorized by statute or contract or when the defeated party acted in bad faith. *See, e.g., Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 92 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The District of Columbia Code provides that the court may require one spouse to pay to the other "suit money, including counsel fees during the pendency of an action for divorce." D.C.Code § 16–911(a)(1) (1981). *See also Rachal v. Rachal,* 489 A.2d 476, 480 (D.C.1985) (Reilly, C.J., Ret., concurring).

first, whether to award a fee, and if so, to whom. Only when that preliminary decision has been made does the court further exercise its discretion in setting the amount. In this case the judge had adequate information before him to make the first decision: whether and to whom attorneys' fees should be awarded. The judge had been specially assigned to the cases for almost a year, and was familiar in a general way with the quality and the nature of the services performed, the necessity for the services, the results obtained from the services, and the financial situations of the parties. It was proper to consider motivation and behavior in making that initial determination. There was no abuse of discretion in his refusal to award fees to Mrs. Steadman. For these same reasons, it was not improper for the court to order Mrs. Steadman to contribute toward her husband's fees and costs.

However, several aspects of the award made to Mr. Steadman are disturbing. First of all, Mr. Steadman submitted no fee petition setting forth hours expended and rate charged. We are aware of previous decisions of this court that the trial court is "not bound by any mathematical computation of time consumed multiplied by hourly rate," *Ritz, supra,* 197 A.2d at 157. *See Lyons, supra,* 295 A.2d at 906 (trial court "aware that the wife's counsel expended a significant number of hours, both in and out of court, in handling the case"). However, we have in the case presently before us additional concerns not present in the older reported cases.

The remarks of the judge at the hearing, *see* pages 1199–1200, *supra,* suggest that the behavior of Mrs. Steadman may have been a factor not only in the initial decision to deny her application for fees and to grant that of Mr. Steadman, but also was taken into consideration when setting the amount awarded to Mr. Steadman. The implication is reinforced by the size of the award.

In deciding a similar case approximately one year ago, this court said:

We cannot tell from the record how much weight the trial court gave to "the respective motivations of the parties" in awarding [the wife] $20,000, which is far greater than any award of attorney's fees that we have found in any reported divorce case in this jurisdiction. But the very mention of motivation in this context gives us pause.... To add to the calculus any factor such as the motivation of either party in pursuing the litigation creates the very real risk of turning an award of attorney's fees into punitive damages, which are beyond the power of a divorce court to grant. The size of the award in this case strongly suggests that this is what the court may have done.

If it were clear that the court gave significant weight to [the husband's] motivations, whatever they may have been, then we would undoubtedly conclude that it abused its discretion. But the record is ambiguous. It shows that the trial court gave some consideration to "the respective motivations of the parties," but it does not show how important that factor was in the court's assessment.

*Rachal, supra,* 489 A.2d at 478 (footnote omitted). Such appears to be the situation with which we are confronted here.

Finally, no application for fees was filed by Mr. Steadman until the day of the hearing. The record contains no suggestion that such a request was contemplated.

■ Thus, we have before us an eleventh hour request for attorneys' fees by the husband unsubstantiated by any attempt at accounting, plus statements by the judge suggesting that more than permissible weight was given to the behavior of the wife. The fee awarded is quite large in comparison to other awards in this jurisdiction. The record before us does not demonstrate that the judge exercised an informed discretion when he set the

amount of fees to be awarded. Therefore, in addition to requiring a modification of the pendente lite alimony award, we also remand this matter to Superior Court so that the judge may reconsider the amount of the award of attorneys' fees to Mr. Steadman, and set forth adequate findings to support his decision. We express no opinion whatsoever as to the proper amount to be awarded. What we do order is that the record reflect proper consideration of the factors set out in the various cases previously decided, *e.g., Rachal, supra,* 489 A.2d at 478, so that should further appellate scrutiny be necessary, it can be accomplished.

*Affirmed in part and remanded in part.*