Sharon PROST, Appellant,

v.

Kenneth F. GREENE, Appellee.

Nos. 95–FM–450, 95–FM–592.

District of Columbia Court of Appeals.

Argued Jan. 17, 1996.

Decided March 14, 1996.*

Caroline M. Brown, Washington, DC, with whom Charles F.C. Ruff, Melissa Cole, Armin U. Kuder and Theresa M. Mihalik were on the brief, for appellant.

Sandra G. Wilkof, Washington, DC, for appellee.

Before WAGNER, Chief Judge, and FARRELL, Associate Judge, and KERN, Senior Judge.

PER CURIAM:

Appellant Sharon Prost in this appeal challenges three determinations by the trial court: (1) its Supplemental Judgment on Child Custody, accompanied by Supplemental Findings of Fact, Conclusions of Law and Memorandum Opinion of February 10, 1995,

---

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published by direction of the court.

issued in response to this court's decision in *Prost v. Greene*, 652 A.2d 621 (D.C.1995), remanding the case of a dispute between parents over the custody of their two children for further proceedings devoted to resolving the claim of appellant, the mother, that appellee, the father Kenneth Greene, physically assaulted her; (2) its order of February 14, 1995, denying appellant's Motion After Remand to Make Findings and Conclusions in Conformance with D.C.Code § 16–914(a)(5) and to Reopen the Record; and (3) its order of May 9, 1995, awarding appellee the attorney's fees he incurred in responding to a motion for reconsideration appellant filed subsequent to the court's denial of her Motion after Remand. We affirm these rulings by the trial court.

## I.

Sharon Prost and Kenneth Greene (hereinafter Prost and Greene) were married in 1984, and had two children prior to their separation. Prost then filed suit for divorce on October 29, 1992, and she retained custody of the children pending trial pursuant to a Temporary Protection Order entered by the trial court. After trial, the court granted sole custody to Greene with liberal visitation rights to Prost. Prost appealed. Prost made four arguments on appeal, three of which this court rejected in *Prost v. Greene, supra,* 652 A.2d at 623. Her final argument was that the trial court failed to assess the evidence that Greene had physically assaulted her. *Id.* at 630. The trial court had not made specific findings regarding these alleged incidents, and we held:

> The heightened importance of proof of physical abuse, and its relevance to issues central to the decision of who should be entrusted with the primary care of these children, requires more careful consideration of the evidence on this point.

> Therefore, we remand the case to the trial judge for further findings and conclusions as to the alleged intrafamily assaults. Whether additional testimony is called for

on this point rests, of course, within the discretion of the trial judge.

*Id.* at 632 (footnotes omitted). This court concluded that "[i]n all other respects, we find no ground for setting aside the trial judge's determination." *Id.* (footnotes omitted).

The record now before us reflects that this court's mandate in *Prost v. Greene* issued on January 30, 1995, and that the trial court entered on February 10, 1995 "Supplemental Findings of Fact, Conclusions of Law and Memorandum Opinion (on Remand)." The trial court stated that it had "reviewed the entire record of this 12–day trial, including its own and its law clerk's extensive notes, all relevant exhibits and the 7–volume certified transcript," and declined to hold a hearing because it "[could not] imagine that additional evidence would help." The trial court concluded that Prost had "failed to demonstrate by a preponderance of the evidence that ... [Greene] committed an intrafamily offense." [1] Therefore, the trial court entered a Supplemental Judgment on Child Custody granting once again the custody of the two children to the father.

Prost filed on February 9th a Motion after Remand to Make Findings and Conclusions in Conformance with D.C.Code § 16–914(a)(6), and to Reopen the Record. On February 14, the trial judge signed an order declining to reopen the record for the taking of more evidence or to accord the parties any hearing. Thereupon Prost filed a motion for reconsideration.

On April 4, 1995, the trial court entered a Memorandum Opinion and Order on Plaintiff's Motion for Reconsideration and Related Matters, in which the court denied Prost's request for reconsideration and/or a hearing. The trial court also granted Greene's request for the attorney's fees he had incurred in opposing Prost's motion for reconsideration. The court noted that it

> has now considered and determined for the fourth time in eight months, that the interests of Matthew and Jeffrey are best served by giving their father legal custody.

---

**1.** D.C.Code § 16–914(a)(6) provides that proof of an intrafamily offense must be "by a preponderance of the evidence."

Despite the court's first three such rulings, however, plaintiff [Prost] persists in attempting to reopen the question. Defendant [Greene] has no choice but to defend the children's interests by responding to each such attempt, and it is absolutely necessary and reasonable that he have the assistance of counsel in doing so.

The trial court on May 9, 1995, granted attorney's fees to Greene in the amount of $1,237.50 after he submitted a verified accounting of such fees.

## II.

■ It is against this backdrop of pleadings and orders that we consider once more the contentions by Prost. As to her contention that the trial court should have held a hearing on remand, this court in *Prost* expressly stated, "[w]hether additional testimony is called for on this point [the alleged intrafamily assaults] rests ... within the discretion of the trial judge." 652 A.2d at 632. Given the length of the trial (12 days), the volume of testimony rendered (constituting seven volumes of transcript), the number of exhibits offered, and the substantial arguments made by both parties, we are not persuaded that the additional testimony Prost sought to present upon the remand in 1995 about events alleged to have occurred in 1992 could have further aided the trial court in reaching its determination upon this court's remand. Our concern in granting the remand was not that there was a dearth of evidence to support the trial court's ultimate findings but that the trial court failed to address "explicitly enough" such evidence as it related to the possible commission of an intrafamily offense.[2]

■ Prost also argues that the trial court committed reversible error in determining upon remand that she had "failed to show by a preponderance of the evidence that defendant [Greene] committed an intrafamily offense." After careful consideration of each alleged offense, the trial court concluded that Prost did not carry the burden of proof required under the preponderance of the evidence standard. Our review of the trial court's point-by-point analysis of the evidence concerning the alleged assaults contained in the court's 1995 findings does not persuade us that the trial court's determination that Prost failed to carry the applicable burden of proof was so clearly erroneous as to require reversal or remand once more.[3]

Finally, Prost argues that the trial court lacked or at least gave the appearance of lacking impartiality in considering and determining the issue remanded by this court. We are not so persuaded upon the record before us.[4]

## III.

■ Turning now to Prost's challenge to the trial court's award of attorney's fees to Greene, we note that

2. Prost also contends that if the court had ordered a hearing on remand, she would have then called witnesses in addition to those she presented at the trial and also asked questions of other witnesses that she had not asked at the trial. Obviously, Prost cannot belatedly do in 1995 on a remand what she had failed to do in 1993 at the original trial.

3. We do note the trial court's statement in its Memorandum Opinion at 21, that there was credible and corroborated evidence Greene "grabbed [Prost's] arms tightly enough to leave bruises." The court went on to conclude that *"by any standard* this simply does not constitute proof of an intrafamily offense." (Emphasis added.) We believe this is an unduly broad statement and a questionable conclusion of law. Nevertheless, this statement by the trial court must be reviewed in context. The court was considering the evidence in this case that the parties were engaged in a highly emotional quarrel at the time Greene took hold of Prost's arms and this touching could be deemed to have been in self-defense. Thus, it appears that the trial court reached its conclusion that there was no intrafamily offenses under these particular circumstances.

4. However, we note that a motion for a change of custody is still pending in the trial court, and therefore this case will continue even after the issuance of this opinion. We further note that the trial judge in this case has been specially assigned to preside over this case until its completion. However, under Super. Ct. Gen. Fam. R. I: "a special assignment may be made only to a judge then currently assigned to the trial of Family Division cases." It is not clear whether the trial judge had already left the Family Division when the special assignment was made. Whether this assignment was contrary to the applicable rule is a matter which the parties can address in the present proceedings in the trial court.

our scope of review is a limited one because disposition of such motions is firmly committed to the informed discretion of the trial court. Therefore, it requires a very strong showing of abuse of discretion to set aside the decision of the trial court.

*Steadman v. Steadman,* 514 A.2d 1196, 1200 (D.C.1986) (citing *Ritz v. Ritz,* 197 A.2d 155, 156–57 (D.C.1964)) (other citations and footnote omitted). In granting Greene's request for attorney's fees, the trial court cited to *Eisenberg v. Eisenberg,* 357 A.2d 396, 401–02 (D.C.1976). In *Eisenberg,* we concluded that the trial court is authorized to grant attorney's fees where "the court finds that counsel was necessary to protect the interests of the children." *Id.* at 401 (citing *Paine v. Paine,* 267 A.2d 356 (D.C.1970)).

We recognize that the remand from this court produced some uncertainty, pending determination by the trial court on the allegation of Prost that an intrafamily offense had occurred, as to whether it was in the best interests of the children to remain with Greene. Therefore, Prost properly filed her Motion after Remand to Make Findings and Conclusions. We assume that the trial court did not originally consider this motion, since it was filed the day before the court signed its Supplemental Judgment and Memorandum Opinion. However, the trial court subsequently did consider and deny Prost's Motion after Remand. This denial by the court firmly established its conclusion that the best interests of the children were served by their father, Greene, having custody.

When Prost then filed a motion for reconsideration and/or for a hearing, Greene was obliged to respond to this motion in order to protect the award of custody to him which the trial court had found to be in the best interests of the children. This sequence of events places this case within our holding in *Eisenberg, supra,* that when counsel is required by the party in whose custody the court has deemed to have been in the children's best interests, attorney's fees may be granted to that party in defending such grant. 357 A.2d at 401. Accordingly, we conclude that it was not an abuse of the trial court's discretion to reimburse Greene's at-torney's fees in responding to this particular motion by Prost.

Therefore, we affirm the trial court's Supplemental Judgment on Child Custody and Memorandum Opinion, as well as its denial of Prost's Motion after Remand, and its award of attorney's fees.

*So ordered.*