Springer, J.,
dissenting:
I dissent from the judgment of the majority because, in my opinion, it constitutes a clearly unwarranted invasion into the proper exercise of discretion by the trial court. I hope that the supreme court will not continue to re-try family court disputes of this kind.
We have in this case a woman who frankly admitted her uncooperative attitude with respect to the best interests of her son. She refused all attempts to discuss or mediate matters relating to child custody and visitation and threatened to “ruin” the father of the child financially by forcing him to pursue unnecessary litigation. Even worse, this woman, according to the trial court, has been “exercising control over [the child’s] relationship with his father in a manner which has undermined the father-son relationship.”
NRS 125.480(3) requires that the family court, in custody matters, consider “which parent is more likely to allow the child to have frequent associations and a continuing relationship with the noncustodial parent.” The mother appears to be trying to avoid, at any cost, any continuing relationship with the child’s father. The intention of NRS 125.480 is to reward cooperative behavior by a parent and to punish the kind of behavior engaged in by this mother. See, e.g., Prost v. Greene, 675 A.2d 471 (D.C. App. 1996). In my opinion, this statute mandated the kind of order issued in this case, if not a complete change of custody from the mother to the father.
In order to assuage the mentioned undermining of the father-son relationship, the trial court decided to allow the father to have his son, who is just starting school, with him in Atlanta one weekend each month, the Thanksgiving holiday, half of the Christmas holiday, a week at Easter and seven weeks each summer. The court also granted some alternative visitations rights to the child’s paternal grandmother.
The judgment of the family court certainly seems to me to be well within the bounds of judicial discretion; yet, this court cancels out the family court’s decision as being “precipitous,” ruling that the family court has to start all over in this agonizing custody dispute. Perhaps the mother of this child will be successful in her attempts to “ruin” this father financially and will be able to continue to “undermine” the father-son relationship. This *1025 court has gone a long way to assist her in this end. I would leave the perfectly proper visitation order of the trial court in place.
The subject of child support was not raised on appeal, and for this reason we should not interfere with the trial court’s judgment in this regard.
Perhaps the most troublesome aspect of this case is this court’s interfering with the visitation rights given to the grandparents. There was absolutely nothing untoward or contrary to the child’s best interests in the trial court’s permitting the child to visit with his grandparents when his father was not available; and I think it was very wrong to send this part of the case back for rehearing.