**Sion ASSIDON, Appellant,**

v.

**Jenine ABBOUSHI, Appellee.**

**No. 10–FM–373.**

District of Columbia Court of Appeals.

Submitted Feb. 24, 2011.

Decided March 17, 2011.

Stephen J. Cullen, Baltimore, and Sean T. Morris, Rockville, MD, were on the brief for appellant.

Gwena Kay Tibbits, Sean T. Morris, VA, was on the brief for appellee.

Before RUIZ and KRAMER, Associate Judges, and PRYOR, Senior Judge.

RUIZ, Associate Judge:

Following trial on the complaint of appellee, Jenine Abboushi, for sole legal and physical custody of her minor son, the trial court ordered appellant, Sion Assidon, to pay appellee $10,000 in attorney's fees. Appellant challenges the award, arguing (1) that the court erred by awarding attorney's fees without legal authority and (2) that the court abused its discretion in awarding attorney's fees on the circumstances of this case. For the reasons that follow, we conclude that the trial court had authority to award attorney's fees and that it did not abuse its discretion in awarding fees to appellee in this case. We, therefore, affirm the judgment of the Superior Court.

## I. Procedural Background

In early 2009, appellee fled from Morocco with her five-year-old son to escape appellant, who is the boy's father. On April 21, 2009, appellee filed a complaint in Superior Court, asking the court to grant her sole legal and physical custody over her son. By order dated April 24, 2009, the court determined that it had temporary emergency jurisdiction under D.C.Code § 16–4602.04, part of the Uniform Child–Custody Jurisdiction and Enforcement Act (UCCJEA), D.C.Code § 16–4601.01 et seq. (Supp.2010). After hearing appellee's ex parte representations, the court granted appellee sole legal and physical custody of her son until the next hearing date, scheduled for June 24, 2009. On that day, after a hearing at which both parties were present and represented by counsel, the court extended its temporary custody order until such time as the Moroccan court with jurisdiction over the custody proceedings pending in that country could issue an order.

The matter proceeded to trial in November 2009 and, on December 8, 2009, the court made its findings. The court found by a preponderance of the evidence that appellant had engaged in domestic violence against appellee and ordered appellant to have no contact with her. However, finding that "[i]t is in [the son's] best interest for the adults in his life to take steps to repair his damaged attachment to his father," the court allowed appellant to have supervised visitation with his son during the pendency of the temporary custody order. Toward the conclusion of the hearing, as the parties discussed child support, appellee's counsel suggested: "If this [c]ourt has no authority to deal with child support, you certainly could order attorney's fees." The court considered its authority to order attorney's fees, and ultimately asked the parties to brief the issue.

On December 18, 2009, appellee moved for an award of retroactive attorney's fees totaling $59,354.36, as well as unspecified prospective attorney's fees to engage "the services of an attorney in order to best protect the interests of her child." The motion was accompanied by an affidavit from appellee's counsel which attached an itemized list of services rendered and the fees charged. Appellant filed a memorandum in opposition, arguing that an award was incompatible with the American Rule on attorney's fees, and inappropriate under the facts of the case. On January 19, 2010, the court granted appellee's motion in part, ordering appellant to pay $10,000 in retroactive attorney's fees by February 1, 2010, as well as "all reasonable expenses for attorney's fees" prospectively incurred by appellee after December 8, 2009. Appellant filed a notice of appeal (10–FM–

85)[1] and, on January 28, 2010, filed an emergency motion to stay the court's order pending appeal. Appellee filed her response the next day. At a hearing on February 2, 2010, the court modified its January 19 order to eliminate the award of prospective attorney's fees, but retained the partial award of retroactive attorney's fees. The court issued its modified written order on February 18, 2010, ordering appellant to pay appellee $10,000 in retrospective attorney's fees, and extending the date of payment to August 2, 2010. Appellant filed this timely appeal on March 12, 2010.

## II. Standard of Review

■ In reviewing a trial court's ruling on a motion for attorney's fees, "our scope of review is a limited one because disposition of such motions is firmly committed to the informed discretion of the trial court. Therefore, it requires a very strong showing of abuse of discretion to set aside the decision of the trial court." *Steadman v. Steadman,* 514 A.2d 1196, 1200 (D.C.1986) (citations omitted). However, when addressing the trial court's authority to award attorney's fees, our standard of review is *de novo. See In re Estate of Green,* 896 A.2d 250, 252 (D.C.2006) ("Although a trial court's decision to grant or deny a request for fees and costs is generally reviewed for abuse of discretion, the issue of whether a trial court possesses the statutory authority to award particular fees and costs is reviewed *de novo.*" (citations omitted)).

## III. Authority to Award Attorney's Fees

■ Generally, under the "American Rule" each party is responsible for paying its respective fees for legal services. *See 6921 Georgia Ave., N.W., Ltd. P'ship v. Universal Cmty Dev., LLC,* 954 A.2d 967, 971 (D.C.2008). However, this rule "is subject to exception premised upon statutory authority,[2] contractual agreement,[3] or certain narrowly defined common law exceptions." *Id.* We have defined one such common law exception in domestic relations cases, authorizing trial courts "to grant attorney's fees where 'the court finds that counsel was necessary to protect the interests of the children.'" *Prost v. Greene,* 675 A.2d 471, 474 (D.C.1996) (quoting *Eisenberg v. Eisenberg,* 357 A.2d 396, 401 (D.C.1976)). In *Maybin v. Stewart,* we reaffirmed this exception and upheld the trial court's award of attorney's fees in the child visitation context. 885 A.2d 284, 288 (D.C.2005).

---

1. Appellant moved to dismiss this appeal on February 17, 2010, following the court's modification of its order on February 2. This court granted appellant's motion to dismiss appeal No. 10–FM–85 on March 1, 2010.

2. The UCCJEA mandates award of attorney's fees and other expenses and costs (1) against a party who invokes the court's jurisdiction, if the court declines to exercise its jurisdiction because that party has "engaged in unjustifiable conduct," D.C.Code § 16–4602.08(c), and (2) to the prevailing party in an action to enforce a child custody order or for the return of a child in a proceeding under the Hague Convention on the Civil Aspects of International Child Abduction, D.C.Code § 16–4603.12. In both such cases, the award of fees and expenses is required "unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate." D.C.Code §§ 16–4602.0840–4603.12. There is no provision in the UCCJEA that requires the award of attorney's fees in a case involving temporary child custody and visitation under the court's emergency jurisdiction where these two specific circumstances are not present. The question before us is not whether the award of fees was required but whether the trial court had authority to award fees in its discretion and, if so, how that discretion should be exercised.

3. There was no contractual agreement between the parties concerning fees.

With this common law exception in mind, we see no error in the trial court's conclusion that it had the legal authority to award attorney's fees. The trial court's jurisdiction was premised on the emergency jurisdiction provision of the UCCJEA which authorizes the Superior Court to act where it is "necessary ... to protect the child because the child, ... or parent of the child, is subjected to or threatened with mistreatment or abuse." D.C.Code § 16–4602.04(a). Here, the trial court acted to protect both the mother (by issuing a protective order against appellant) and the child (by providing for supervised visitation by the father). Appellant does not contest that the judge had emergency jurisdiction for such limited purposes under the UCCJEA. Therefore, in view of the emergency nature of the trial court's jurisdiction premised on protection of the child, it follows that the trial court had authority to grant attorney's fees if it concluded that retention of counsel "was necessary to protect the interests of the child[ ]." *Prost*, 675 A.2d at 474; *see also Maybin*, 885 A.2d at 288 (noting that the mother "necessarily had to retain counsel to defend her child's best interests"). The court here noted that legal representation was "a must" due to the complexity of the case, and that it was in the child's best interest for his parents "to take steps to repair his damaged attachment to his father" through supervised visitation during the pendency of the order granting temporary custody to the mother. In light of the basis for the trial court's emergency jurisdiction under the UCCJEA and the trial court's determination that assistance of counsel was required, we agree with the trial court that it had the authority to order an award of attorney's fees.

## IV. Award of Attorney's Fees to Appellee

Appellant also argues that the trial court abused its discretion in awarding attorney's fees under the circumstances of this case.

"In deciding whether to award a fee, it is proper for the court to consider whether the litigation has been oppressive or burdensome to the party seeking the award. The judge may also examine the motivation and behavior of the litigating parties." *Steadman*, 514 A.2d at 1200 (internal citations omitted). In addition, a trial court may consider "the quality of the services rendered, the skills of counsel, the result of the litigation, the difficulty of the case, and the ability of [the party against whom the award is sought] to pay attorney's fees, as well as the respective earning capacities of the parties." *Rachal v. Rachal*, 489 A.2d 476, 478 (D.C.1985); *see also Martin v. Tate*, 492 A.2d 270, 274 (D.C.1985) ("Factors which the court must consider include the nature and quality of the services performed by the attorney, the respective abilities of the parties to pay, and, in a custody proceeding, whether the fees were incurred in the best interests of the child." (citations omitted)).

Appellant's contention that the court abused its discretion by failing to conduct an extensive inquiry into the finances of each party is unpersuasive. The record contains ample evidence—including testimony from the parties, as well as affidavits and supporting documentation contained in their pleadings—that established the scope of the legal services rendered to appellee, the attorney's fees incurred by appellant and appellee, and the relative financial resources and burdens of the parties.[4]

4. Appellant complained to the trial court that appellee had not presented evidence on the issue of fees during the trial on temporary custody and visitation. Evidence on attorney's fees and the parties' finances was presented with the motion for fees and at an

We also are not persuaded by appellant's contention that the award of attorney's fees has no reasonable basis on the facts and is inappropriate as a matter of law. Certainly, as appellant notes, the court found that it was in the child's best interest to repair his relationship with appellant, and that appellee—who had sought to prevent appellant from having contact with the child—must support that effort. Yet this finding alone is not sufficient to preclude an award of attorney's fees to appellee. It is but one factor that the trial court may consider, and the court did appropriately consider it in entering an order that provided for appellant's supervised visitation with his son. Here, the court also found by a preponderance of the evidence that appellant had committed an intra-family offense against appellee and entered a civil protection order that appellant have no contact with her. The trial court also credited testimony that appellant was interfering with appellee's ability to dispose of property in Morocco, and had thereby impeded her access to financial resources.

We discern no abuse of discretion in the trial court's decision to award attorney's fees to appellee. In its January 19 order and its modification from the bench on February 2, the court examined: the nature of the case, which the judge characterized as "extremely complicated" and raising "a multiplicity of issues"; the benefit to appellee and the court from the legal services provided; the relative financial burdens and resources of each party; and appellant's interference with appellee's ability to access her assets in Morocco. The court concluded: "They're both in debt. [Appellant] has the greater resources and he has the stronger ability to generate income. He's an entrepreneur, [appellee is] a college professor at a salary

evidentiary hearing, before the trial judge de-

that is what it is. Looking at the totality of those circumstances, the award of $10,000 in attorney's fees remains and that amount is due no later than August the 2nd, 2010."

In light of the relevant factors that the trial court took into account, considered in their totality, appellant cannot make the "very strong showing of abuse of discretion" required "to set aside the decision of the trial court." *Steadman,* 514 A.2d at 1200. In its order, the trial judge exercised discretion in significantly reducing the amount of attorney's fees requested by appellee and extending the time when appellant must pay the fees.

Accordingly, the judgment of the Superior Court of the District of Columbia awarding attorney's fees to appellee is hereby

*Affirmed.*

cided to award attorney's fees to appellee.