*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

Nos. 21-PR-0658, 22-PR-0574 & 22-PR-0974

IN RE ESTATE OF ALLEN T. STERMAN; PAUL A. STERMAN, APPELLANT.

Appeals from the Superior Court
of the District of Columbia
(2021-ADM-000029)

(Hon. Maurice A. Ross and Hon. Carmen G. McLean, Trial Judges)

(Submitted September 19, 2023          Decided December 21, 2023)

*Paul A. Sterman*, pro se.

*Elizabeth Richardson*, pro se appellee.

Before EASTERLY and MCLEESE, *Associate Judges*, and RUIZ, *Senior Judge.*

MCLEESE, *Associate Judge*: Appellant Paul A. Sterman challenges the denial of several motions seeking the removal of his sister, appellee Elizabeth Richardson, as the personal representative of their father's estate. Mr. Sterman also challenges several other rulings of the trial court with respect to the administration of the estate. We affirm in part, vacate in part, and remand for further proceedings.

## I. Factual and Procedural Background

Certain basic facts appear to be largely undisputed. Mr. Sterman's father executed a will leaving sixty percent of his estate to Mr. Sterman and forty percent of his estate to Ms. Richardson. The sixty percent left to Mr. Sterman was to be put in trust for Mr. Sterman's welfare. Ms. Richardson has been determined to be the trustee of that trust, so although Mr. Sterman sometimes refers to himself as "trustee," he is actually a beneficiary of the trust. The principal asset of the estate is a house valued at over $1.3 million.

Ms. Richardson is the personal representative of the estate. Mr. Sterman has filed numerous motions seeking to have Ms. Richardson removed as personal representative. In his motions, Mr. Sterman argued that Ms. Richardson violated her duties as personal representative in numerous respects. The trial court denied Mr. Sterman's motions in three orders that are at issue in these consolidated appeals.

## A. The July 2021 Order

Mr. Sterman first sought removal of Ms. Richardson as personal representative in July 2021, arguing among other things that Ms. Richardson mismanaged the property, failed to pay property taxes on the house, failed to serve a notice of appointment upon Mr. Sterman, and failed to file an accurate accounting of the estate as required under D.C. Code § 20-711 (directing personal representative

to file, within three months of appointment, "a verified inventory of property owned by the decedent at the time of his death").

Ms. Richardson denied that her filings and notices were late or inaccurate. She contended that her failure to pay one tax bill timely occurred because Mr. Sterman had gone through her mail and prevented her from obtaining notice of the taxes owed.

After a hearing, the trial court denied the motion, concluding that there were some "technical problems" with Ms. Richardson's administration but that those problems did not amount to grounds for removal. *See* D.C. Code § 20-526(a) (listing several factors providing cause for removal of personal representative, including willfully disregarding court order, mismanaging estate property, and unreasonably failing to perform material duty of office). The trial court did convert the estate from an unsupervised estate to a supervised estate.

### B. The July 2022 Order

In the following months, Mr. Sterman submitted several filings again seeking removal of Ms. Richardson. During this time, Ms. Richardson indicated her intention to sell the house making up the bulk of the estate. Mr. Sterman argued among many other things that Ms. Richardson was mismanaging the property; that Ms. Richardson should sell the house to him; and that Ms. Richardson's verified inventory was untimely, incomplete, and incorrectly served.

Ms. Richardson denied mismanaging the property, claiming that instead she had paid out of her pocket to prepare the house for sale. Ms. Richardson also denied that the inventory was untimely or incomplete.

After a hearing, the trial court again declined to remove Ms. Richardson as personal representative. Specifically, the trial court concluded that Ms. Richardson's filings were timely and that "Mr. Sterman seems to muddle what Ms. Richardson is required to do as personal representative with what Mr. Sterman would like her to [do]." The trial court also credited Ms. Richardson's testimony regarding the inventory, concluding that "any omission by Ms. Richardson regarding the inventory was based on a misunderstanding." The trial court did direct Ms. Richardson to file an amended inventory.

The trial court also authorized Ms. Richardson to sell the house but gave Mr. Sterman a right of first refusal to buy the house, if he exercised that right within twenty-four hours of receiving notice of an offer, by "submit[ting] an offer that is equal to the highest offer in terms of monetary amount and conditions."

## C. The December 2022 Order

Mr. Sterman subsequently renewed his request that Ms. Richardson be removed. He reiterated prior objections and also argued that a proper inventory had still not been filed; that property taxes and estate taxes had not been paid; and that

Ms. Richardson had not given Mr. Sterman a fair opportunity to purchase the property.

Ms. Richardson contended that Mr. Sterman failed to submit a timely matching offer for the property. Ms. Richardson stated that she had been unable to pay taxes because the estate had no cash and she had been unable to sell the house because of Mr. Sterman's litigation. At the time of the hearing, the house was under contract with a third party for over $1.3 million. Ms. Richardson represents that that contract subsequently fell through.

The trial court denied the request to remove Ms. Richardson, without addressing that request on the merits. Rather, the trial court concluded that it lacked jurisdiction to rule on Mr. Sterman's renewed request to remove Ms. Richardson, because Mr. Sterman had pending appeals challenging the July 2021 and July 2022 orders declining to remove Ms. Richardson. The trial court authorized Ms. Richardson to sell the property and removed Mr. Sterman's right of first refusal.

## II. Analysis

### A. This Court Has Jurisdiction to Review the Trial Court's Decisions Declining to Remove Ms. Richardson

We first address whether the decision not to remove a personal representative is a final, appealable order. Although neither party raised that issue in this court, we are obliged to consider our jurisdiction sua sponte. *See, e.g.*, *Mathis v. D.C. Hous. Auth.*, 124 A.3d 1089, 1101 n.21 (D.C. 2015) ("Where a substantial question exists

as to this court's subject matter jurisdiction, it is our obligation to raise it, *sua sponte*, even though, as here, no party has asked us to consider it.") (internal quotation marks omitted).  We conclude that we have jurisdiction over these appeals.

Generally, an order is final for purposes of appeal when the order "resolves the case on its merits and leaves nothing for the court to do but execute the judgment." *Washington Metro. Area Transit Auth. v. Nash-Flegler*, 272 A.3d 1171, 1177 (D.C. 2022) (internal quotation marks omitted).  Orders declining to remove a personal representative are not final in that sense.  Nevertheless, in a decision that is binding on this court, the United States Court of Appeals for the D.C. Circuit held that an order declining to remove a personal representative is appealable under the collateral-order doctrine.  *Collins v. Miller*, 198 F.2d 948, 950-51 (D.C. Cir. 1952) ("On final distribution of the estate it will be too late effectively to review the order, and the rights conferred by the Code to prompt and proper administration of the estate will be lost, probably irreparably."); *see M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971) (D.C. Circuit decisions before February 1, 1971, are binding on divisions of the D.C. Court of Appeals); *Taylor v. First Am. Title Co.*, 477 A.2d 227, 230 (D.C. 1984) (relying on *M.A.P.*, treating prior decision of D.C. Circuit holding that order was appealable under collateral-order doctrine as binding authority on division of court).

## B.  Mr. Sterman Has Standing to Seek Ms. Richardson's Removal

Ms. Richardson argues that Mr. Sterman does not have standing to seek her removal because he is not an "interested person."  D.C. Code § 20-107(a) allows "[a]n interested person" or "the beneficiary of a trust" to "petition the Court for an order . . . to resolve a question or controversy arising in the course of a supervised or unsupervised administration of a decedent's estate."  We need not decide whether Mr. Sterman is an "interested person."  Rather, it suffices under § 20-107(a) that Mr. Sterman is "the beneficiary of a trust" created by the will at issue.  Mr. Sterman therefore has standing to seek Ms. Richardson's removal as personal representative.

## C.  The Trial Court's July 2021 and July 2022 Orders Declining to Remove Ms. Richardson

A personal representative must be removed upon a determination by the court that the personal representative:

> (1) misrepresented material facts in the proceedings leading to the appointment; (2) willfully disregarded an order of the Court; (3) is unable, for any reason, to discharge the duties and powers effectively; (4) has mismanaged property; or (5) has failed, without reasonable excuse, to perform any material duty of such office; provided, that the Court may continue the personal representative in office following a finding in accordance with paragraph (5) if the Court finds that such continuance would be in the best interests of the estate and would not adversely affect the rights of interested persons or creditors.

D.C. Code § 20-526(a).

In its July 2021 and July 2022 orders, the trial court concluded that Mr. Sterman did not establish statutory grounds for removing Ms. Richardson. When reviewing a trial court's determination regarding whether statutory cause for removal of a personal representative exists, we decide independently whether the trial court committed errors of law, and we uphold the trial court's factual determinations unless they are plainly wrong or without evidence to support them. *In re Est. of Delaney*, 819 A.2d 968, 1002 (D.C. 2003). We hold that Mr. Sterman has not established a basis for reversal of the trial court's July 2021 and July 2022 orders.

## 1. The July 2021 Order

In his brief in this court, Mr. Sterman states a variety of objections to Ms. Richardson's conduct as personal administrator up to the point of the July 2021 order declining to remove Ms. Richardson. We focus specifically on two objections Mr. Sterman raised in the trial court and emphasizes in this court. First, Mr. Sterman objects that Ms. Richardson failed to serve both a timely notice of appointment and an adequate verified inventory of property. Regarding the inventory, Mr. Sterman takes issue with the value of the items listed in the verified inventory, arguing for example that a rug should have been valued over $10,000, but was instead valued at $500. At the July 2021 hearing, Ms. Richardson testified that she "sent the notice of [her] appointment timely." Ms. Richardson also testified that the rug at issue was

"absolutely not" worth $10,000 and that the amount listed in the verified inventory was correct. The trial court found these explanations reasonable, stating that "[w]e're dealing with the pandemic" and concluding that Ms. Richardson, who is "not a lawyer," was "doing the best she can" given the complex nature of the statutory requirements. We conclude that the record supports the conclusion that Ms. Richardson had a reasonable excuse for any failure to comply with the procedural requirements at issue.

Mr. Sterman also argues that Ms. Richardson failed to pay "$9200 in property taxes." At the hearing, Ms. Richardson testified—and Mr. Sterman admitted—that Mr. Sterman had been going through her mail. According to Ms. Richardson, Mr. Sterman's conduct caused Ms. Richardson to miss several tax notices. The trial court permissibly credited Ms. Richardson's explanation. Given that explanation, the record supports the conclusion that Ms. Richardson had a reasonable excuse for any delay in the payment of the taxes at issue.

Mr. Sterman also raises in passing a number of other objections to Ms. Richardson's conduct before the July 2021 order. We see no basis for reversal with respect to any of those additional objections. We therefore uphold the trial court's July 2021 order declining to remove Ms. Richardson but taking the precautionary measure of converting the proceeding to a supervised estate.

## 2. The July 2022 Order

In his briefs in this court, Mr. Sterman states numerous objections to Ms. Richardson's conduct as personal administrator during the period after the July 2021 order and before the July 2022 order once again declining to remove Ms. Richardson. We focus on three issues that Mr. Sterman raised in the trial court and emphasizes in this court.

First, Mr. Sterman argues that Ms. Richardson failed to file the amended verified inventory by the court-imposed deadline. Ms. Richardson testified, however, that she timely filed the verified inventory, and the trial court found that her statement was supported by court records. We conclude that the record supports the trial court's ruling.

Second, Mr. Sterman argues that the inventory, when filed, was "blank." At the hearing, however, Mr. Sterman acknowledged that the inventory was not blank and that instead his argument was that there were items of value that should have been included on the inventory but were not. The court concluded that Mr. Sterman "ha[d] not provided . . . any evidence to support [his] argument" and that removal was required only if Ms. Richardson "*willfully* disregarded an order of the court," which the trial court concluded Ms. Richardson had not done. Here too we uphold the trial court's conclusions.

Third, Mr. Sterman contends that Ms. Richardson did not properly participate in court-ordered mediation. Ms. Richardson disputed that contention, and the trial court indicated that it did not find Mr. Sterman's position credible. We see no basis to look behind the trial court's credibility determination. *See generally, e.g.*, *In re H.R.*, 206 A.3d 884, 888 (D.C. 2019) (holding that court of appeals is "required to defer to reasonable credibility determinations by the finder of fact").

Mr. Sterman also raises in passing a number of other objections to Ms. Richardson's conduct before the July 2022 order. We see no basis for reversal with respect to any of those additional objections. We therefore uphold the trial court's July 2022 order declining to remove Ms. Richardson.

### D. The Trial Court Was Required to Decide the Merits of the August 2022 Motion for Removal

In August 2022, Mr. Sterman again argued that Ms. Richardson should be removed as personal representative. The trial court held a hearing on that motion in December 2022. At the hearing, Mr. Sterman renewed his argument that Ms. Richardson had violated her duties by failing to file an accurate verified inventory of the estate. He also argued that taxes on the property had not been paid and that Ms. Richardson had damaged the estate by failing to pay these taxes and failing to sell the property in a timely fashion. Finally, Mr. Sterman contended that he had not been given an adequate opportunity to purchase the property in accordance with the court's July 2022 order.

As previously noted, the trial court denied the renewed motion to remove Ms. Richardson, without addressing the merits of that motion. Instead, the trial court concluded that it lacked jurisdiction to consider the renewed motion, given the pendency of appeals from the orders denying prior requests to remove Ms. Richardson. We conclude to the contrary that the trial court had jurisdiction to address Mr. Sterman's renewed motion to remove Ms. Richardson, at least to the extent the motion rested on events occurring after the prior orders that were on appeal.

The trial court does not "lose[] all power to act in a case whenever an appeal is filed from any aspect of the case." *Stebbins v. Stebbins*, 673 A.2d 184, 189 (D.C. 1996). The limits on what a trial court may do while an appeal is pending are "judge-made, designed to avoid the confusion and waste of time that might flow from having two courts deal with a single case at the same time. Hence, [those limits are] subject to a common-sense flexibility in application." *Carter v. Cathedral Ave. Co-op., Inc.*, 532 A.2d 681, 684 n.7 (D.C. 1987).

In the absence of a stay, a probate proceeding does not pause when a final order is issued regarding removal of a personal representative. If not removed, the personal representative will continue to act on behalf of the estate during the pendency of any appeal from such order. It follows that the trial court must be able to make further orders relating to a personal representative's ongoing actions and

status while a prior order is on appeal, particularly if there are changed circumstances or there is newly discovered information.

In the family-law context, for example, we have noted that "[t]he pendency of [an] appeal does not deprive the trial court of jurisdiction to consider motions based on new evidence and changed circumstances." *Prisco v. Stroup*, 947 A.2d 455, 457 n.1 (D.C. 2008); *see also Sampson v. Johnson*, 846 A.2d 278, 279 n.1 (D.C. 2004) ("The pendency of the father's appeal . . . did not undermine the trial court's authority to entertain either the father's motion to modify custody and visitation or the mother's motion to dismiss . . . [because] . . . both motions were based on a material change of circumstances."). For similar reasons, we hold that the trial court has jurisdiction to consider a new motion for removal of a personal representative, even if one or more prior orders declining to remove the personal representative are pending on appeal, if the new motion is based on changed circumstances and/or newly discovered evidence.

In this case, Mr. Sterman's renewed motion to remove Ms. Richardson apparently rested in part on allegations as to new circumstances and/or newly discovered evidence: for example, Ms. Richardson's alleged failure (after July 2022) to pay property taxes; and Ms. Richardson's alleged failure for several years to pay estate taxes to the Internal Revenue Service, which Mr. Sterman suggested was newly discovered evidence.

We conclude that the trial court had jurisdiction to consider the August 2022 motion for removal of Ms. Richardson as personal representative. We therefore vacate the December 2022 order's denial of Mr. Sterman's renewed motion to remove Ms. Richardson, and we remand the case for further proceedings on that issue.

We also note that the day before these appeals were submitted, Mr. Sterman filed a motion for summary reversal raising numerous issues, some of which have already been briefed in this court and some of which are entirely new, including issues regarding management of the estate since these consolidated appeals were filed. We decide the former issues in this opinion and decline to address the latter issues, which are not properly before the court in these appeals. We hereby deny that motion.

### E.  Mr. Sterman's Substantive Challenges to the Orders Relating to the Potential Sale of the House

Mr. Sterman raises numerous objections to the trial court's orders relating to the potential sale of the house. We have jurisdiction to decide Mr. Sterman's challenges to the trial court's order authorizing Ms. Richardson to sell the estate property, because that order "chang[ed] or affect[ed] the possession of property." D.C. Code § 11-721(a)(2)(C); *cf. Robinson v. Evans*, 554 A.2d 332, 335 n.11 (D.C. 1989) (holding that D.C. Code § 11-721(a)(2)(C) "gives this court jurisdiction of appeals from interlocutory orders" appointing trustee to sell property).

Mr. Sterman initially argued that he was not given proper notice regarding the possible sale of the house, but he has acknowledged that that argument is now moot given that the house has apparently not yet been sold. We focus on three additional issues that Mr. Sterman raised in the trial court and emphasizes in this court. First, Mr. Sterman argues that it was not in the best interests of the estate to list the house for sale. Specifically, Mr. Sterman contends that Ms. Richardson unnecessarily delayed the sale for two years, causing damage to the estate. The trial court addressed this delay, indicating that although it had taken a long time to sell the house, Mr. Sterman's litigiousness had contributed to the delay. We see no error in the trial court's ruling that authorizing the sale of the house and the distribution of the proceeds of that sale would be in the best interest of the estate.

Second, Mr. Sterman argues that it was error for the trial court to refuse to partition the property at issue. We disagree. Mr. Sterman has failed to show that the trial court erred in concluding that the house and the land on which the house is located could have been partitioned into separate pieces of real property without "loss or injury" to the parties. D.C. Code § 16-2901(a). Although Mr. Sterman suggests that he had an absolute right to partition of the property, that suggestion is not supported by the law of the District of Columbia. *See* D.C. Code §§ 20-1105 (trial court "may" order partition of estate property), 16-2901(a) (trial court "may"

decree partition, but if "property can not be divided without loss or injury to the parties interested," trial court "may decree" sale and division of proceeds).

Finally, Mr. Sterman challenges the trial court's authorization of the sale of the house without affording Mr. Sterman a right of first refusal. The trial court initially gave Mr. Sterman a right of first refusal, permitting Mr. Sterman to buy the house if, within twenty-four hours, he submitted an offer "equal to the highest offer in terms of monetary amount and conditions." The trial court found, however, that Mr. Sterman had not submitted a matching offer, instead stating "an intention to make an offer" and "creating his own timeline" that was inconsistent with the court's order. The court also noted that Mr. Sterman did not appear to have adequate financing to meet the purchase price of the house. We hold that the record supports the trial court's findings on those points.

Under the circumstances, we also see no error in the trial court's subsequent order permitting Ms. Richardson to sell the house without affording Mr. Sterman a further right of first refusal. Contrary to Mr. Sterman's suggestion, Mr. Sterman's status as a beneficiary of sixty percent of the proceeds of the estate did not give Mr. Sterman authority to control the manner in which the personal representative administered the estate. *See generally* D.C. Code § 20-741(6) (unless will provides otherwise, personal representative has authority to dispose of real or personal property).

In sum, we affirm the judgments of the Superior Court at issue in Nos. 21-PR-0658 (July 2021 order declining to remove Ms. Richardson) and 22-PR-0574 (July 2022 order declining to remove Ms. Richardson). We affirm in part and vacate in part the judgment of the Superior Court at issue in No. 22-PR-0974. Specifically, we affirm that judgment to the extent that the trial court declined to partition the property and instead authorized Ms. Richardson to sell the property without affording Mr. Sterman any further right of first refusal. We vacate that judgment to the extent that the trial court denied the renewed motion to remove Ms. Richardson without addressing the merits of that motion, and we remand for further proceedings on that issue.

*So ordered.*